IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| GAIL MADDOX, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **3:04-CV-95 (RLH)** |
| JO ANNE B. BARNHART, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |
| _____ | |

**ORDER**

The plaintiff herein filed an application for Supplemental Security Income benefits on October 30, 2000; this application was denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on May 22, 2003. In a decision dated September 26, 2003, the ALJ denied plaintiff's claim. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the

Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984).

Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of diabetes, kidney stones, depression, and borderline intellectual functioning, but that plaintiff retained the residual functional capacity to perform a limited range of light work with the restriction from frequent or repetitive climbing, stooping, or crouching; and that plaintiff should be restricted from exposure to hazards and sustained close work requiring visual acuity, limited to simple, non-detailed work tasks that were repetitive in nature so as not to require adaptation to changes of routine or work processes and that did not involve dealing with the general public.

*1. Treating Physician*

Plaintiff asserts the ALJ erroneously disregarded the opinion of plaintiff's treating physician, Dr. Field, without articulating adequate reasons.

The Eleventh Circuit Court of Appeals has held that good cause must be shown if the opinion of the treating physician is discounted; a non-examining physician's opinion is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.  See  Broughton v. Heckler, 776 F.2d 960 (11th Cir.1985).  "The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error."  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).

"The opinions of nonexamining, reviewing physicians, ... when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not

constitute substantial evidence." <u>Sharfarz v. Bowen</u>, 825 F.2d 278, 280 (11th Cir.1987).   A consultative examination is not to be given greater weight than the opinion of a treating physician.  <u>Hillsman v. Bowen</u>, 804 F.2d 1179 (11th Cir. 1986).  However, a treating physician's opinion may be discounted if it is not accompanied by objective medical evidence or is wholly conclusory.  <u>Schnorr v. Bowen</u>, 816 F.2d 578, 582 (11th Cir. 1987).

   Dr. Fields did not indicate whether plaintiff would have any limitations on lifting and carrying objects, but he stated plaintiff could stand and walk less than two hours in an eight-hour workday and sit for only four hours in an eight-hour workday (Tr. 422). He also indicated plaintiff could sit 60 minutes at a time, stand 15 minutes at a time, and stated that plaintiff would need to walk up to 15 minutes each hour (Tr. 422-23). Dr. Fields opined that plaintiff would have a number of other limitations relating to reaching, handling, fingering and feeling; that she should avoid exposure to environmental limitations; and that she was likely to be absent from the workplace on account of her impairments or treatment more than three times per month (Tr. 423-24).

    The ALJ considered Dr. Fields' assessment, but he discounted it because it was "not well-supported by medically acceptable clinical and laboratory diagnostic techniques"(Tr. 18).  The ALJ is permitted to discount a physician's report when it is not accompanied by objective medical evidence. *See* <u>Edwards v. Sullivan</u>, 937 F.2d 580, 583 (11th Cir. 1991). The weight afforded a physician's conclusory statements regarding a claimant depends upon the extent to which the statements are supported by clinical or laboratory findings and are consistent with other evidence of record. *See* <u>Wheeler v. Heckler</u>, 784 F.2dd 1073, 1075 (11th Cir. 1986); *see also* 20 C.F.R. § 416.927(d)(3) (the more a medical source presents relevant evidence to support

an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.)

The regulations distinguish three types of medical findings: symptoms, signs, and laboratory findings. *See* 20 C.F.R. § 404.1528. A "sign" is an abnormality which can be observed and must be shown by medically acceptable clinical diagnostic techniques. *See* 20 C.F.R. § 416.928(b). Examples of "clinical diagnostic techniques" are tests for sensory abnormalities, deep tendon reflexes or straight-leg tests. *See generally* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00E. Laboratory findings are phenomena which can be shown by the use of medically acceptable laboratory diagnostic techniques. *See* 20 C.F.R. § 416.928(c). Examples of laboratory diagnostic techniques include chemical tests, x-rays, and psychological tests. *Id.*

On April 25, 2002, plaintiff visited Dr. Fields for an insect bite, joint pains, and dizziness, and Dr. Fields noted plaintiff had a history of swelling of the feet, high blood pressure, diabetes, and kidney stones (Tr. 449). He also noted "carpal tunnel syndrome, L (left)" and prescribed at least six different medications (Tr. 449). However, there is no indication that Dr. Fields performed any clinical examinations or conducted laboratory diagnostic tests to support his diagnoses of plaintiff (Tr. 449).

Objective observations by Dr. Fields taken on April 26, 2002 showed plaintiff was in "no acute distress" and that her legs and arms had "no cyanosis, no clubbing, and no edema" (Tr. 448). Similar entries were made on July 12, 2002, October 10, 2002, November 20, 2002, December 20, 2002, March 4, 2003, and March 26, 2003 (Tr. 446, 439, 437, 435, 431, 429). The treatment notes from Dr. Fields primarily emphasize plaintiff's complaints and Dr. Fields' diagnoses of conditions (Tr. 429-49). While the medical assessment Dr. Fields completed refers

to Plaintiff's diagnosed conditions as the basis for the limitations in the assessment, the ALJ concluded that the assessment is not supported by clinic and laboratory findings as required by the regulations (Tr. 422-24, 18). *See* 20 C.F.R. §§ 416.927(d)(3), 416.928(b) & (c).

### 2. *Failure to Develop the Record*

Plaintiff also assigns as error the failure of the ALJ to adequately develop the record in regards to the testimony of the vocational expert.  Plaintiff did not have counsel at the hearing before the ALJ, and was not specifically told that she had the right to cross-examine the testimony of the vocational expert.

The ALJ is charged with the duty of developing a full and fair record, meaning that the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).  The ALJ has a basic duty to fully and fairly develop the record, and this duty rises to the level of a special duty whenever a plaintiff is unrepresented by counsel. *See* Smith v. Schweiker, 667 F.2d 826, 829 (11$_{th}$ Cir. 1982). A Social Security claimant has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ. *See* Graham v. Apfel, 129 F.3d 1420, 1422 (11$_{th}$ Cir. 1997)

The Commissioner notified Plaintiff of her right to counsel vis-à-vis a letter she received prior to the hearing informing her that either she or her representative must be able to attend or show good cause why they could not attend the hearing (Tr. 44). At the beginning of the hearing proceedings, the following exchange took place between Plaintiff and the ALJ:

> ALJ: Now ma'am you appear today without counsel, however, this is the third application, at least the third application
> PL: Um-hum.
> ALJ: that you have filed. And to my information, you have twice previously appeared at a hearing such as the one we're holding at this time. And I think you were represented at those pervious hearings.

> PL: Yes.
> ALJ: You also received a letter prior to this hearing that explained to you the purposes and the issues of the hearing as well as your right to counsel. And I am assuming, from this history, that you have been well aware of your right of counsel and that you are choosing to go ahead at this hearing at this time without counsel. Is that correct?
> PL: Yes.

(Tr. 521-22). This exchange shows that plaintiff was aware of her right to counsel but that she chose to proceed without representation.

While the ALJ did not specifically inform plaintiff that she had a right to question the VE, the ALJ did ask plaintiff if she wished to make any additional comments at the conclusion of the testimony of the vocational expert. (Tr. 550). Plaintiff had questions about the functional requirements of the jobs the VE identified (Tr. 550-52). But the ALJ explained to plaintiff that he was going to find that she could not return to her past work and that the VE had identified other jobs that plaintiff could perform (Tr. 550-52).

Plaintiff has not shown how this alleged error has prejudiced her case. A failure to fully develop the record is only reversible error where a plaintiff shows that the error prejudiced her claim. *See* Graham, 129 F.3d at 1423.

Plaintiff argues that the hypothetical question that the ALJ asked the VE was deficient because it did not include all of Plaintiff's impairments. Pl.'s Br. at 7-8. Specifically, plaintiff argues that the physical limitations the ALJ found in the hypothetical question "were much less severe than those specified by [her] at the hearing." Pl.'s Br. at 8. Plaintiff testified that everything drops out of her hands, and that she cannot hold anything, even items weighing five pounds or less (Tr. 528, 530-33). She also testified that the Prozac medication sometimes made her go to sleep (Tr. 528). She claimed that swelling in her legs enabled her to stand and walk for no more than two hours (Tr. 529). She stated she could sit for about an hour and a half at a time,

and that she would need a 30 minute break before she would be able to sit again (Tr. 533-34). She alleged she had the energy to work about one day per week, and that on good days, she can clean her home for an hour but then has to lie down and rest (Tr. 541). She testified that she would lie around most of the day (Tr. 542).

The VE testified that a person with plaintiff's residual functional capacity could perform the jobs of cashier II, cafeteria attendant, and laundry classifier (Tr. 548-49). All of these positions are light, unskilled jobs (Tr 548-49). The hypothetical question is not consistent with Dr. Fields' assessment of severe functional limitations; however, the ALJ properly discounted Dr. Fields' assessment as unsupported by clinical and laboratory diagnostic techniques as required by the regulations (Tr. 18).

The hypothetical question is consistent with other medical evidence in the record, including the opinions of the state agency physicians and the state psychologists who determined, among other things, that plaintiff could carry out very short simple instructions, was able to make simple-work related decisions and sustain an ordinary routine without special supervision, and was able to get along with coworkers and maintain socially appropriate behavior. Substantial evidence supports the limitations in the hypothetical question, and plaintiff's argument that her subjective allegations should have been included in the hypothetical question is without merit.

Although plaintiff does not specifically address the ALJ's finding that her complaints of disabling symptoms were not credible to the extent alleged, the ALJ did articulate specific reasons for discounting some of her testimony. (Tr. 19). The ALJ found significant the sparse medical history and the minimal physical findings upon examination, as well as plaintiff's reports of daily activities and her own testimony of the pain she experiences. Thus his failure to

include all of plaintiff's complaints in the hypothetical posed to the vocational expert was not error.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is ORDER of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g) for further consideration in light of this opinion.

**SO ORDERED**, this 22nd day of March, 2006.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd